UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| Shellbird, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:09-cv-01271-SEB-DML |
| vs. | ) | |
| | ) | |
| Dan Grossman, Maureen Grossman, and | ) | |
| Stone Ridge Arabians, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| Stone Ridge Arabians, LLC | ) | |
| | ) | |
| Counter Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Shellbird, Inc., Michele Pfeifer, and David | ) | |
| Halsch, | ) | |
| | ) | |
| Counter Defendants. | ) | |
| | ) | |

**ORDER**

Despite the Court's explicit direction to the parties that "[i]t is time to bring this

matter to a complete conclusion," this cause is once again before the Court on three post-

judgment motions filed by Plaintiff and Counter Defendants Shellbird, Inc. and its owner

Michele Pfeifer ("Shellbird") [Docket Nos. 188, 189, and 190] and four such motions

filed by Defendants and Counter Plaintiffs Stone Ridge Arabians, LLC, and the

Grossmans ("Stone Ridge") [Docket Nos. 194, 198, 199, and 212].  The merits of the

parties' motions are discussed below as they relate to three issues: (1) whether Shellbird is entitled to a new trial or an amended judgment based on its discovery of new evidence; (2) whether Shellbird is entitled to a stay of judgment until Stone Ridge has complied with the Court's order to dispose of certain property related to Valentino in a commercially reasonable manner; and (3) whether the Court will enter sanctions against Shellbird for the amount of attorneys' fees and expenses incurred by Stone Ridge as a result of Shellbird's post-judgment conduct.

## I.    Shellbird's Request for a New Trial or to Alter or Amend Judgment [Docket Nos. 188, 190, 194]

Plaintiff and Counter Defendant, Shellbird, has requested that the Court grant it a new trial in order to receive additional testimony on the issue of damages. Shellbird's motion is based on new evidence it has apparently discovered since trial related to Valentino's breeding activity in 2010 and certain foals born in 2011. This breeding activity was allegedly not included in the Accounting Report filed in May 2011 [Docket No. 128] but was discovered after the Arabian Horse Association published the foals born in 2011 by Valentino and after Shellbird's counsel made further inquiry. Shellbird's position is that the amount of total damages assessed against it should be reduced by the value of this newly discovered breeding activity.

Shellbird's request is denied. The parties appeared before this Court for trial having stipulated that they had a single issue for the Court to decide. That issue was whether Ms. Pfeifer was personally liable for the indebtedness incurred by Shellbird as a

result of the default on payments for Valentino.  All other issues, including the amount of

the judgment to be assessed against Shellbird or Shellbird and Ms. Pfeifer jointly, had

apparently been agreed upon.[1]  In addition to the parties' factual stipulations, the parties

also represented to the Court that they had settled Shellbird's breach of contract claim

based on outstanding breeding receivables against the Grossmans and Stone Ridge for

$228,000.  The parties further agreed that the amount of the money judgment to be

entered against Shellbird would be reduced by this amount.

A party moving for a new trial under Rule 59 based on newly discovered evidence

must show: "(1) it has evidence that was discovered post-trial; (2) it had exercised due

diligence to discover the new evidence; (3) the evidence is not merely cumulative or

impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial

would probably produce a new result."  Envtl. Barrier Co., LLC v. Slurry Sys., 540 F.3d

598, 608 (7th Cir. 2006).  If any one of these elements is not satisfied, the movant's

motion must be denied.  At the time of trial, the issue of damages had apparently been

entirely agreed upon.  Thus, the new evidence that Shellbird seeks to put before this Court

---

[1]Admittedly, the Court has indulged the parties at times by attempting to resolve other
ancillary disputes between them.  For example, despite their representation at trial that the
amount of damages was not in dispute, the parties continued in post-trial briefing to pose varying
amounts to the Court and advance minor quibbles such as one regarding a typographical error in
Stone Ridge's proposed findings of fact. Given that both parties apparently agreed that the figure
originally provided to the Court at trial was incorrect, we did not hold them to that specific figure.
Likewise, in addition to the stipulated indebtedness, the parties also stipulated to the existence of
certain assets related to Valentino, but argued over the disposition of those assets.  In an attempt
to bring all disputes to closure, the Court ordered Stone Ridge to dispose of the remaining
collateral related to Valentino in a "commercially reasonable manner" pursuant to Minnesota law.

is not material to any issue at trial and their request for a new trial or an amended judgment [Docket No. 188] is therefore <u>DENIED</u>.[2]  Shellbird has also filed a motion requesting that the Court order a full accounting of all income produced by Valentino since September 23, 2009, based on the theory that the judgment against Shellbird should be further reduced by those amounts [Docket No. 190].  This request is also <u>DENIED</u>. As discussed above, the parties have had their day in Court.  We decline to entertain these belated attempts to reopen the merits of their dispute, including issues relating to the amount of damages.

## II.    Enforcement of the Court's Judgment [Docket Nos. 189, 198, 199]

The second issue now before the Court relates to enforcement of our judgment – both with regard to the $2,184,782.90 judgment assessed against Shellbird and our order that Stone Ridge dispose in a commercially reasonable manner of certain assets which have survived the death of Valentino.[3]  Shellbird requests that the Court stay execution of the Judgment against it until these assets can be disposed of in a commercially reasonable manner in accordance with the Uniform Commercial Code, as adopted by Minnesota Stat. § 336.9 *et. seq.*  Shellbird also requests that the Court set the parameters of such disposition in order to ensure that Stone Ridge does not accept an unreasonably low price

---

[2]Stone Ridge filed a motion to strike Exhibit B of Shellbird's motion for a new trial, that is, the affidavit of Shellbird's counsel, on the grounds that it is inadmissible hearsay.  Because we did not rely on Mr. Regard's affidavit in making our decision regarding Shellbird's motion, Stone Ridge's motion [Docket No. 194] is <u>DENIED AS MOOT</u>.

[3]These assets include the straws of Valentino's semen, the Transport Semen Certificates, and the stylized "V" for which Shellbird maintains a Trademark.

for the sale of the collateral, in other words, by accepting an amount that does not

adequately mitigate the damages assessed against Shellbird.  However, Shellbird proffers

no specifics in its motion or in its tendered judgment as to what those parameters might

reasonably be.

Stone Ridge rejoins that its disposal of the assets need not occur prior to

Shellbird's payment of the judgment.  Furthermore, Stone Ridge assures the Court that it

is acting and will continue to act in good faith to dispose of the assets in a commercially

reasonable manner, noting that it has proposed several times to allow Shellbird to manage

the disposition of the collateral so long as Stone Ridge has some assurance that it will be

paid the judgment ordered by this Court.

We find that Stone Ridge's proposal for disposing of the collateral by giving it to

Shellbird satisfies the standard of a commercially reasonable disposition, particularly

since Shellbird has expressed reservations concerning Stone Ridge's good faith efforts to

sell the assets in such a manner.  Accordingly, the Court directs that within 30 days from

the date of this order, Stone Ridge shall transfer the subject assets to Shellbird.  At the time

of the transfer, Shellbird must simultaneously deliver to Stone Ridge a certified check in

the full amount of the judgment ($2,184,782.90 plus interest at the rate specified in the

Agreement of five percent (5%) per annum from November 18, 2011 until the date the

judgment is paid in full).  This method should satisfy Shellbird's concerns regarding the

reasonableness of the sale of the assests by giving control over that issue to it, while

allowing Stone Ridge to receive payment on the judgment entered herein based on the

parties' purchase agreement and in accordance with the Court's order(s).

In conclusion, Plaintiff Shellbird's motion for stay of enforcement [Docket No. 189] is DENIED.  Stone Ridge also filed a motion to enforce judgment [Docket No. 199].  Shellbird's response brief did not directly oppose Stone Ridge's request, but stated that Shellbird had, thus far, been unable to locate the Transport Semen Certificates.  Shellbird also stated that it would provide Stone Ridge with trademark transfer documents within 10 days.  Stone Ridge filed no reply brief and, thus, it is unclear whether Shellbird's proposal was acceptable to Stone Ridge.  However, in light of the Court's other rulings detailed herein,  the matters raised in Stone Ridge's motion appear to be no longer in dispute.  Thus, Stone Ridge's motion to enforce judgment is DENIED AS MOOT.  Finally, Stone Ridge filed a motion for an order permitting registration of its judgment [Docket No. 198].  Registration of the judgment is a routine step which can be fully effectuated by the attorney for the prevailing party.  No separate order by the Court is necessary, particularly in light of the procedures we have ordered today for enforcement of the Judgment.  Thus, we DENY AS MOOT Stone Ridge's motion.

### III.    Motion for Sanctions [Docket No. 212]

Finally, Stone Ridge seeks sanctions against Shellbird for "its improper repeated actions in seeking to delay the effect of the Judgment and needlessly increasing the costs of this litigation."  We understand the frustrations that have arisen from Shellbird's litigiousness and dilatoriness.  As the Court has observed more than once, this case needs to be brought to an immediate conclusion.  That said, we stay a ruling on Stone Ridge's

request for sanctions to allow the procedures outlined above to be accomplished.  Any

failure(s) to comply with our order will invite the Court to revisit the issue of

sanctions (presumably against Shellbird) to determine what action(s) may be required.

### Conclusion

For the reasons detailed herein, Shellbird's motion for a new trial or an amended

judgment [Dkt. No. 188], its motion for an accounting [Dkt No. 190], and its motion for a

stay of enforcement [Dkt. No. 189] are  <u>DENIED</u>.  Stone Ridge's motion to strike [Dkt.

No. 194], its motion to enforce judgment [Docket No. 199], and its motion to register the

judgment [Dkt. No. 198] are all <u>DENIED AS MOOT</u>.  As stated above, the parties are

allowed thirty (30) days within which to comply with the procedures ordered herein for

payment of the judgment and the concurrent disposal of the remaining assets related to

Valentino. The issue of sanctions [Dkt. 212] remains under advisement.

IT IS SO ORDERED.


Date:_____10/15/2012_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

7

Copies to:

Andre Fereole Regard
REGARD LAW GROUP, PLLC
269 West Main Street
Suite 600
Lexington, KY 40507
859-281-1318
Fax: 859-281-1319
aregard@regardlaw.com

Geoffrey Mitchell Grodner
MALLOR GRODNER LLP
511 Woodcrest Drive
Bloomington, IN 47401
(812) 332-5000
Fax: (812) 961-6161
gmg@lawmg.net